# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WADE CHARLES HEIDEN, | |
| Plaintiff, | No. C 12-3044-MWB |
| vs. | |
| WEBSTER CITY POLICE DEPARTMENT, SHERIFF'S OFFICE, | **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO DISMISS** |
| Defendants. | |

_____

Plaintiff Wade Charles Heiden initiated this action on July 9, 2012, by filing his *pro se* Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 (docket no. 1), alleging constitutional violations arising from his arrest on or about October 29, 2010. This action is now before me, however, on Heiden's April 24, 2014, Motion To Dismiss This Suit/Action (docket no. 26), in which Heiden asserts that he was under the influence of methamphetamine when the arrest happened and that, as a consequence, he "had the wrong incident, wrong date, wrong actors" for this lawsuit. He requests that this case be dismissed with all costs and fees billed to him.

On April 24, 2014, by Order (docket no. 27) filed in the ordinary course of managing § 1983 actions, Heiden's entire action was referred to United States Magistrate Judge Leonard Strand, pursuant to 28 U.S.C. § 636(b)(1)(B), for review of the record and the pleadings, the conduct of any necessary evidentiary hearings, the hearing of any oral argument that may be necessary, and the submission to the undersigned of a report and recommended disposition of the case. Upon further review, however, I conclude that judicial efficiency and the interests of justice would be best served with withdrawing that referral and ruling on Heiden's Motion To Dismiss directly. I also conclude that

Heiden's Motion To Dismiss this case voluntarily should be granted pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

THEREFORE,

1. The April 24, 2014, referral of this case to United States Magistrate Judge Leonard Strand, pursuant to 28 U.S.C. § 636(b)(1)(B), is **withdrawn**;

2. Plaintiff Heiden's April 24, 2014, Motion To Dismiss This Suit/Action (docket no. 26) is **granted**, and this case is **dismissed in its entirety**, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

3. Each party shall bear its own costs.

**IT IS SO ORDERED**.

**DATED** this 13th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA